IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LAURA CULP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:11cv138-CSC |
| | ) | (WO) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I. Introduction**

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq., alleging that she was unable to work because of a disability. Her application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ concluded that the plaintiff was not under a "disability" as defined in the Social Security Act. The ALJ, therefore, denied the plaintiff's claim for benefits. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

case is now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1383(c)(3).

The parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment, pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1.  Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be affirmed.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1)   Is the person presently unemployed?
> (2)   Is the person's impairment severe?
> (3)   Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4)   Is the person unable to perform his or her former occupation?
> (5)   Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). Substantial evidence is "more than a scintilla," but less than a preponderance: it "is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1158–59 (11th Cir. 2004) (quotation marks omitted). The court "may not decide the facts anew, reweigh the evidence, or substitute . . . [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (alteration in original) (quotation marks omitted).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. The Issues

**A. Introduction**. Plaintiff Laura Culp ("Culp") was 38 years old on the alleged onset

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker,* 651 F.2d 408 (5th Cir. 1981) (Unit A).

date of disability. (R. 209). She has a high school education with some college. (R. 51). Her past relevant work experience includes work as an administrative assistant, receptionist, and nail groomer. (*Id.*) Following the hearing, the ALJ concluded that the plaintiff has severe impairments of "cocaine dependence, history of bipolar disorder, not otherwise specified, and borderline personality disorder." (R. 14). The ALJ concluded that her "history of alcohol and marijuana abuse" were not severe impairments. (*Id.*) The ALJ also concluded that the plaintiff's substance use is a contributing factor material to the determination of her disability. (R. 19). The ALJ further concluded that Culp could return to her past relevant work as a receptionist/secretary, and that she has the residual functional capacity to perform other jobs in the national economy. (R. 23). Thus, the ALJ concluded that the plaintiff was not disabled. (*Id.*)

**B. The Plaintiff's Claims**. As stated by the plaintiff, the two issues for the Court's review are as follows.

1. The Commissioner's decision should be reversed, because the ALJ erred in adopting at least a portion of the opinion of Dr. Dobbs, a non-examining consultant.[4]

2. The Commissioner's decision should be reversed, because the ALJ erred in failing to specify the weight assigned to many of the medical opinions of record.

(Doc. # 12 Pl's Br. at 4) (footnote added).

---

[4] Dr. Dobbs is a "psychological medical consultant with the state agency." (R. 16).

## IV. Discussion

A disability claimant bears the initial burden of demonstrating an inability to return to her past work. *Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990). In determining whether the claimant has satisfied this burden, the Commissioner is guided by four factors: (1) objective medical facts or clinical findings, (2) diagnoses of examining physicians, (3) subjective evidence of pain and disability, e.g., the testimony of the claimant and her family or friends, and (4) the claimant's age, education, and work history. *Tieniber v. Heckler*, 720 F.2d 1251 (11th Cir. 1983). The ALJ must also conscientiously probe into, inquire of and explore all relevant facts to elicit both favorable and unfavorable facts for review. *Cowart v. Schweiker,* 662 F.2d 731, 735-36 (11th Cir. 1981). The Commissioner's regulations require that a written decision contain several elements. The ALJ must state, with sufficient specificity, the reasons for his decision referencing the plaintiff's impairments.

> *Any* such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual *shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based*.

42 U.S.C. § 405(b)(1) (emphasis added).

**A. Non-examining Consultant's Opinion**. Culp argues that the ALJ improperly relied on the opinion of Dr. Stephen Dobbs, a non-examining consultant. Culp applied for disability benefits on October 11, 2007 alleging an onset date of December 31, 2005. (R. 182). She alleged she was disabled due to depression, anxiety, paranoia and mitral-valve

5

prolapse. (R. 209). On November 8, 2007, she completed a drug and alcohol use questionnaire in which she indicated she did not use drugs or alcohol on a daily basis, and while she had "used cocaine for about 6 months," she had stopped in February 2007. (R. 235).

On September 26, 2007, Culp presented for a psychiatric treatment at Behavioral Medicine Counseling and Therapies, complaining that she "got [herself] into legal trouble and [she's] afraid [she's] about to lose her husband." (R. 296-98). She reported a history of drug use from 2005 until 2007, and had recently been released from the Prattville jail where she had been incarcerated for writing bad checks.[5] (R. 296). She admitted chronic cocaine use. (*Id.*) Dr. Hall diagnosed Culp with Bipolar disorder NOS and Cocaine abuse as well as Borderline Personality Disorder. He prescribed Prozac and psychotherapy. (R. 298). A blood test at Baptist Hospital on September 28, 2007 was positive for cocaine. (R. 290). Culp saw Dr. Hall on October 8, 2007. His treatment notes indicates increased insight, denied drug use and a request for an increase in Prozac. (R. 295). An October 15, 2007 treatment note indicates an increased mood since taking Prozac, and an increased insight into her condition. (*Id.*)

On November 21, 2007, Dr. Dobbs completed a psychiatric review technique form in which he indicated that a residual functional capacity assessment was necessary because of the presence of bipolar disorder, borderline personality disorder, and alcohol and drug

---

[5] Culp had previously "stole[n] some checks," and received a sentence of probation. She served three months in the Prattville jail and was on probation for the current charges. (R. 297).

abuse. (R. 303, 307, 308). Dr. Dobbs noted that Culp's functional limitations were moderate. (R. 310, 314-15). Dr. Dobbs did not consider Culp's drug use when determining her functional limitations.[6] He assessed her functional capacity as follows.

> A.  Able to understand and remember simple and detailed but not complex instructions.
> B.  Able to sustain attention/concentration for two hour periods to complete a regular workday at an acceptable pace and attendance schedule. Proximity to others shouldn't be intense.  C.  Able to interact appropriately in casual uncrowded settings and respond appropriately to constructive instructions.  D.  Able to respond to at least simple/infrequent changes in routine.

(R. 316). In rendering his opinion on Culp's limitations, Dr. Dobbs relied on Dr. Hall's initial evaluation and his treatment notes as well as Culp's activities of daily living questionnaire. (R. 312).

The ALJ included Dr. Dobbs's functional assessment in his determination of Culp's residual functional capacity.

> After careful review of the entire record, the undersigned finds that, in the absence of drug and alcohol abuse, the claimant has the residual functional capacity to perform nearly the full range of light and sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). Specifically, the claimant can sit for 6 hours out of 8 hours; stand for 6 hours out of 8 hours; and walk for 6 hours out of 8 hours, without interruption one hour; and lift, carry, push and pull frequently up to 10 pounds and occasionally up to 30 pounds. The claimant could perform simple grasping and fine manipulations with her hands; can use right and left feet for pushing and pulling of repetitive movements, such as operating foot controls; she can bend, stoop, crawl, climb, use stairs, ladders, ropes and scaffolds, crouch, kneel, balance and reach above shoulder level. The claimant can be around moving and hazardous machinery, drive motorized vehicles, and be exposed to pulmonary irritants, including dust, odors, fumes,

---

[6] Dr. Dobbs noted that her drug abuse was "currently in remission." (R. 312).

>extremes in temperature and humidity. Work should be non responsible, with no regular general public contact, any that occurs must be brief and superficial (a low social environment) and work should primarily be done alone. Other mental limitations assessed are at Exhibit 7F, P.3, [Dr. Dobbs' functional assessment], incorporated by reference thereto, see above and assessed to the vocational expert, with the exception that the claimant is not limited to simple/unskilled work, in view of her work experience and her education, in the absence of substance abuse.

(R. 20)

Culp argues that, as a non-examining physician, Dr. Dobbs' opinion is entitled to little weight, and that the ALJ should not have credited Dr. Dobbs' opinion because he did not have the benefit of Culp's testimony at the administrative hearing or additional medical records submitted after Dr. Dobbs' review. (Pl's Br., doc. # 12, at 6).

Social Security regulations provide guidelines for an ALJ to use when evaluating medical opinion evidence. *See* 20 C.F.R. § 404.1527. The ALJ considers many factors when weighing medical opinions, including the examining relationship, the treatment relationship, how supported an opinion is, whether an opinion is consistent with the record, and a doctor's specialization. 20 C.F.R. § 404.1527(d)(1)-(6). An ALJ may ask for, and consider, opinions from medical experts on the nature and severity of a claimant's impairments. 20 C.F.R. 404.1527(f)(2)(iii). Taken alone, the opinion of a non-examining reviewing physician does not constitute substantial evidence to support an administrative decision. *Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990). However, an ALJ does not err in relying on the opinion of the non-examining physician when that opinion does not contradict an examining physician's opinion. *Edwards v. Sullivan*, 937 F.2d 580, 584-85 (11th Cir. 1991). The

evidence in the record supports the ALJ's inclusion of Dr. Dobbs' assessment in his determination regarding Culp's functional capacity.

The medical records to which Dr. Dobbs did not have access are as follows. On November 26, 2007, Culp presented to Behavioral Medicine. She reported that she had used cocaine twice and stolen her neighbor's checks. Although no legal charges were pending, she was referred for treatment for substance abuse. (R. 318). On December 12, 2007, she reported attendance at Narcotics Anonymous meetings and increased anxiety. (*Id.*) She did not keep her appointment on January 7, 2008, or May 13, 2008. (R. 337)

On July 29, 2008, Culp had a psychological evaluation by Dr. Renfro, a clinical psychologist. (R. 319-24). Dr. Renfro opined that Culp suffered from Major Depressive Disorder but he cautioned that she may surreptitiously be using alcohol, marijuana and cocaine. (R. 322). He encouraged hair analysis drug testing to ensure that she was not using drugs. (*Id.*)

On October 8, 2008, Culp had a physical evaluation by Dr. Combs. (R. 327-334). Dr. Combs opined that Culp had "no significant limitation in doing work-related activity such as sitting, standing, walking or lifting or carrying or handling objects." (R. 328).

Thereafter, Culp's medical records are from her incarceration at Julia Tutweiler Prison for Women where she was serving time for forging checks "to support [her] cocaine addiction." (R. 32-33).

An administrative hearing was held on April 23, 2009 at which, Dr. Garner, a medical

expert, testified. (R. 41-50). Dr. Garner testified that while Culp suffers primarily from a mood disorder, her substance abuse is a contributing material factor with respect to mental limitations. (R. 42). Dr. Garner opined that if Culp received mental health and substance abuse treatment and maintained her sobriety, her mental limitations would be alleviated to the extent that she would be able to function. (R. 45, 49).

The ALJ evaluated all the evidence before him, and determined that, in addition to Dr. Dobbs, the opinions of Dr. Renfro, Dr. Garner, and Dr. Combs all led him to conclude that the plaintiff is not disabled. Culp's reliance on *Johnson v. Barnhart*, 138 Fed. Appx. 266 (11th Cir. 2005) and *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276 (11th Cir. 2004) is misplaced. This is not a case in which the ALJ discounted or rejected the opinion of a treating physician in favor of a non-examining consultative examiner or ignored other evidence in the record. And, it is not the province of this court to reweigh evidence, make credibility determinations, or substitute its judgment for that of the ALJ. Instead the court reviews the record to determine if the decision reached is supported by substantial evidence. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Substantial evidence "is less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* After a careful review of the medical records as a whole, the court concludes that substantial evidence supports the ALJ's decision that Culp has the residual functional capacity to perform work in the national economy, and is not disabled.

**B. Weight assigned to medical opinions**. Culp next argues that the ALJ erred by failing to properly designate the weight to which he assigned each medical opinion. After reviewing all the medical evidence and Culp's testimony, the ALJ determined that Culp was not disabled because her substance use is a contributing factor material to the determination of her disability. The ALJ considered the opinion of Dr. Renfro and Dr. Garner, discussing Culp's substance use.

> I also note that Dr. Renfro stated that if drug and/or alcohol use were to stop there would be a positive change in the above stated limitations. Dr. Garner testified that, with a period of 10 months of no substance abuse and sobriety for mental health improvement, the claimant would have restored functions and capabilities, and could perform work activity.

(R. 21). The ALJ then opined that the opinion of "Dr. Dobbs more accurately reflects the claimant's capabilities." (*Id*.) The ALJ also found Dr. Garner's testimony to be "credible and [] consistent with the medical record." (R. 22). Finally, the ALJ gave "great weight" to the opinion of Dr. Combs who opined that Culp had no significant limitations in her ability to perform work activities. (R. 23). Even thought the ALJ did not specifically state the specific weight assigned to each piece of evidence, the ALJ recited all the applicable law and detailed all the medical evidence. Thus, the ALJ's general comments about the evidence are sufficient to show that he considered all the evidence.

Moreover, even if it was error, it is harmless. The opinion of the ALJ shows that he carefully considered the evidence in this case and was extremely familiar with it. A remand is not required.

## V.  Conclusion

The court has carefully and independently reviewed the record and concludes that substantial evidence supports the ALJ's conclusion that plaintiff is not disabled.  Thus, the court concludes that the decision of the Commissioner is supported by substantial evidence and is due to be affirmed.

A separate order will be entered.

Done this 13th day of February 2012.

        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE